OPINION
{¶ 1} Defendant-appellant KC P. McCoy appeals his sentence from the Delaware County Court of Common Pleas on two counts of trafficking in crack cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 29, 2004, the Delaware County Grand Jury indicted appellant on one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1), a felony of the fifth degree, one count of trafficking in crack cocaine in violation of R.C.2925.03(A)(2), a felony of the second degree, and one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2), a felony of the first degree. The indictment also contained two specifications seeking the forfeiture of both cash and a motor vehicle. At his arraignment on November 29, 2004, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on July 26, 2005, appellant withdrew his former not guilty plea and pleaded guilty to two counts of trafficking in crack cocaine, one a felony of the fifth degree and the other a felony of the second degree.[1] As memorialized in a Judgment Entry filed on October 11, 2005, appellant was sentenced to four years in prison on the second degree felony and was placed on community control on the fifth degree felony. Appellant now raises the following assignment of error on appeal:
 {¶ 4} "I. THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE ON APPELLANT WHERE THE FACTS NECESSARY TO IMPOSE SUCH A SENTENCE HAD NEITHER BEEN PROVEN TO A JURY NOR ADMITTED BY APPELLANT, THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO A JURY TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.
 {¶ 5} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A NON-MINIMUM SENTENCE ON APPELLANT, AS SUCH A SENTENCE IS CONTRARY TO LAW AND IS NOT SUPPORTED BY THE RECORD FROM THE SENTENCING HEARING. R.C. 2953.08."
 I, II {¶ 6} Appellant, in his first assignment of error, argues that the trial court's imposition of a non-minimum sentence was in contravention of the United States Supreme Court's decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. Appellant, in his second assignment of error, maintains, in part, that the trial court erred in imposing a non-minimum sentence on appellant without having made the specific findings required by R.C. 2929.14(B) in violation of State v. Comer,99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165.
 {¶ 7} Recently, the Ohio Supreme Court, in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, found certain provisions of Ohio's sentencing statute unconstitutional because those provisions required judicial factfinding in order to exceed the sentence allowed simply as a result of a conviction or plea. Among these provisions was R.C. 2929.14(B), which provided for more than the minimum prison term.
 {¶ 8} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court, in Foster, severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at paragraph 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 100.
 {¶ 9} Accordingly, because appellant's "more than the minimum" sentence is based upon an unconstitutional statute that was deemed void in Foster supra, appellant's two assignments of error are sustained.
 {¶ 10} Appellant's sentence is, therefore, vacated, and the matter is remanded for resentencing in accordance with Foster,
supra.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas regarding sentencing is vacated. This matter is remanded for resentencing. Costs assessed to appellee.
[1] Appellant later consented to the forfeiture of the cash and the motor vehicle.